*Judge McMahon*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**05 CV 0213**

-----------------------------------------------------------------X
STANLEY HENDERSON,                                    COMPLAINT

                                Plaintiff,

-against-

STATE OF NEW YORK; GLENN S. GOORD,
COMMISSIONER OF NEW YORK STATE
DEPARTMENT OF CORRECTIONS, in his individual
and official capacities as an aider and abettor;
LIEUTENANT LOSCALSO, in his individual and official
capacities as an aider and abettor;

                                Defendants.
-----------------------------------------------------------------X

      Plaintiff STANLEY HENDERSON, by his attorneys, THE LAW OFFICES OF SHERI HATTON, PLLC, alleges as follows:

I.      **INTRODUCTION**

      1.      This is an action brought pursuant to 42 U.S.C. Section 1983, 42 USC Section 1981, and the First Amendment to the United States Constitution, to vindicate the civil rights of Plaintiff Stanley Henderson, who asserts defendants unlawfully discharged him in retaliation for his testifying against the Department of Corrections in a federally-filed sexual harassment suit, in violation of the First and Fourteenth Amendments of the Constitution and 42 U.S.C. Section 1983. Plaintiff further contends he was disparately impacted by departmental customs, policies or practices of subjecting long-term, African American employees to excessive disciplinary penalties based on their race and age, in violation of the aforementioned statutes, together with 42 U.S.C. 1981 and 29 U.S.C. 626.

II.  JURISDICTION

2.  This Court has jurisdiction over this action pursuant to 42 U.S.C. Sections 1981 and 1983, 28 U.S.C. Sections 1331 and 1343(3) and (4).

III. VENUE

3.  Venue is proper, as the operative events occurred within this judicial district.

IV.  PARTIES

4.  PLAINTIFF STANLEY HENDERSON resides in Dutchess County, New York, and hereby sues in on his own behalf.

5.  DEFENDANT STATE OF NEW YORK is an entity subject to suit in federal district court in an action for injunctive relief brought pursuant to the above-outlined statutes.

6.  DEFENDANT GLENN S. GOORD is a state actor and decision-maker for 42 U.S.C. Section 1983 purposes. He is sued in his individual capacity for violating plaintiff's protected civil rights while acting under color of state law and/or acting pursuant to practices, customs and policies of the state.

7.  DEFENDANT LIEUTENANT LOSCALSO, is a state actor and decision-maker for 42 U.S.C. Section 1983 purposes. He is sued in his individual capacity for violating plaintiff's protected civil rights while acting under color of state law and/or acting pursuant to practices, customs and policies of the state.

V.  FACTUAL AVERMENTS

8.  On July 6, 1982, New York State Department of Corrections (DOC) hired plaintiff as a corrections officer. He enjoyed a flawless twenty-two year career, with his

job performance, time and attendance being exemplary. On April 6, 2004, plaintiff was terminated based upon false allegations that, *inter alia*, he used excessive force against Inmate Mercedes Hughes, #0161099.

9. During the course of Mr. Henderson's career, he consistently took inmate work crews off prison grounds into surrounding communities. At no time, aside from the allegations that form the basis of plaintiff's wrongful termination, were any allegations of excessive force filed against him. In fact, he has received numerous letters of commendation from civic service, religious, and community organizations, commenting on the professional and effective manner he worked with the inmates.

10. During his career with the Department of Corrections, plaintiff had been a vocal president, shop steward and member of Council 82, Local 2718 (now, N.Y.S.C.O.P.B.A.). Plaintiff contends that based on his zealous union activity, he became a target for Defendant Loscalso and others in DOC.

11. In his capacity as union president at the Taconic facility, plaintiff testified on behalf of a female corrections officer, Elizabeth Colon, in a federal gender discrimination/sexual harassment case she had filed against Defendant Loscalso. Apparently, Loscalso had previously sexually harassed Officer Colon as well as other female officers, all of whom reported their situations to Mr. Henderson, in his capacity as union president. In Officer Colon's case, after she rejected Loscalso's advances, he ordered her to perform physically demanding work—despite her advice to him that she was pregnant. The assigned work caused Officer Colon to suffer a miscarriage. Plaintiff testified on behalf of Officer Colon, causing Defendant Loscalso to be transferred to the Beacon Correctional Facility.

3

12. Based upon personal circumstances, plaintiff transferred to the Beacon facility were he reported to Defendant Loscalso for the first time since testifying against him in Colon's Southern District case.

13. Plaintiff's Notice of Discipline from New York Department of Corrections alleged that during an incident on February 4, 2003, Mr. Henderson used excessive force against Inmate Mercedes Hughes #0161099, failed to render assistance to another officer, and thereafter made false statements regarding the incident to the Inspector General.

14. On February 4, 2003, Inmate Hughes grabbed plaintiff's collar when he entered her cubical. He responded by restraining her arms.

15. The disciplinary charges levied in this matter were in retaliation for plaintiff's prior federal proceeding testimony.

16. The State utterly failed to produce Inmate Hughes during Plaintiff's disciplinary hearing, thereby denying him the opportunity to confront his accuser. The State failed to produce a single medical record evidencing any injury allegedly inflicted upon Inmate Hughes by the Plaintiff.

17. Importantly, Plaintiff's version of the events is corroborated by each eyewitnesses' testimony developed during the hearing. Each witness testified they observed Inmate Hughes' hands on Plaintiff's collar, and the plaintiff's hands restraining hers. In fact, Corrections Officer Tchorznicki testified he would have taken the same action plaintiff did, if placed in that situation. Regardless, plaintiff was found guilty of use of excessive force and misrepresenting the facts in relation to the altercation.

18. Not a single witness claimed they observed plaintiff using excessive force. The State failed to produce any evidence whatsoever of his alleged use of excessive

force, in the form of pictures of injuries or bruises inflicted on Inmate Hughes. However, plaintiff was found guilty of using excessive force.

19. Inmate Hughes never drafted a complaint or internal grievance against plaintiff in relation to this incident. It is department policy that had she drafted a grievance against him, he would have received a copy of her complaint immediately and been required to respond.

20. From reliable sources, Plaintiff learned that Lieutenant Loscalso, the facility Officer of the Day on February 4, 2003, repeatedly called the Inspector Generals office in Albany to have this matter pursued absent an inmate grievance.

21. Lieutenant Loscalso orchestrated the events leading to Plaintiff's retaliatory termination.

22. Defendants did not call the alleged victim to testify—a factor which should have resulted in a dismissal of the charges. As Inmate Hughes did not file a complaint against the plaintiff, or otherwise grieve his conduct on February 4, 2003, plaintiff was completely unable to confront his accuser, or subject her to cross examination. For being the "set-up" inmate, Hughes was rewarded with a release prior to her scheduled date.

23. Two Caucasian Inspector Generals interviewed over forty inmates during the course of their investigation, yet were only able to produce a single inmate, Andrea Crooms, to testify at plaintiff's disciplinary hearing.

24. Inmate Crooms testified she observed Plaintiff and Inmate Hughes with their hands on one another. Likewise, this inmate who, upon information and belief, was

not eligible for parole until 2005, received an early release, and special consideration for being and active participant in the retaliatory scheme.

25. On or about April 1, 2004, the Commissioner of New York State Department of Corrections, Glenn Goord, accepted the findings and recommendations of the Arbitrator and terminated Plaintiff, Stanley Henderson effective April 6, 2004.

26. Plaintiff's conduct was insufficient to support a finding of guilt nor the imposition of a penalty of termination of a twenty-two year employee with a non-existent disciplinary record, as imposed by Defendants. The finding of guilt and the imposition of a penalty of termination by the Respondent was an abuse of discretion and not based upon substantial evidence.

27. The determination and order referred to above in terminating Plaintiff's employment constitutes an abuse of discretion in imposing this measure of punishment, penalty and discipline in that said punishment so imposed was unwarranted, excessive and shocking to one's sense of fairness.

28. Moreover plaintiff's rights with respect to speaking out on matters of public concern, being free of stigmatizing state actions, being afforded procedural and substantive due process, and being afforded equal protection of the laws, are clearly established, and reasonable persons employed by municipal defendants are aware of these rights, or have reasons to be so aware of these rights.

22. As a proximate result of defendants' discriminatory acts toward plaintiff, plaintiff has suffered a loss of earnings, bonuses and other employment benefits.

23. As a further proximate result of defendants' illegal and discriminatory actions towards plaintiff, plaintiff has suffered impairment and damage to plaintiff's good name and reputation.

24. As a further proximate result of defendants' actions, plaintiff has suffered mental anguish and emotional injury.

25. As a further proximate result of defendants' actions, plaintiff has been unable to find comparable employment and/or to ameliorate plaintiff's employment situation.

26. Individual defendants' actions were outrageous and were malicious, and were intended to injure plaintiff, and were done with reckless indifference to plaintiff's protected rights, entitling plaintiff to punitive damages as against all individual defendants herein.

V.     CAUSE OF ACTION

FIRST CAUSE OF ACTION

27. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

28. The defendants violated the First Amendment of The United State Constitution by retaliating against plaintiff because plaintiff spoke out on matters of public concern. This violation is made actionable through 42 U.S.C. Section 1983.

SECOND CAUSE OF ACTION

29. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

30. Defendants' failure to afford plaintiff adequate due process by falsely charging him with various disciplinary lapses, violated the 14th Amendment of The United State Constitution. These violations are made actionable through 42 U.S.C. Section 1983.

THIRD CAUSE OF ACTION

31. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

32. The defendants violated the Liberty Interest Clause of the Fourteenth Amendment of The United State Constitution by unfairly and maliciously stigmatizing plaintiff. This violation is made actionable through 42 U.S.C. Section 1983.

FOURTH CAUSE OF ACTION

33. Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 32 above, as if fully set forth herein.

34. Defendants intentionally discriminated against plaintiff in violation of 42 U.S.C. 1981 by subjecting plaintiff to adverse employment actions, and denying plaintiff, and similarly situated older African American employees to excessive disciplinary actions, by denying them equal terms and conditions of employment based on their race. Defendants actions further resulted in plaintiff being subjected to disparate impact based on his race and age.

FIFTH CAUSE OF ACTION

35. Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 34 above, as if fully set forth herein.

36. Defendants intentionally discriminated against plaintiff in violation of 29 U.S.C. 626 by subjecting plaintiff to adverse employment actions, and denying plaintiff equal terms and conditions of employment based on his age. Defendants have engaged in customs, policies, and practices that have resulted in older, African American state employees being disparately impacted based upon harsher disciplinary actions being imposed against them.

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court grant to him judgment containing the following relief:

a. An award of damages to be determined at the time of trial to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional jury,

b. An award of punitive damages to be determined at the time of trial as against each individual defendant;

c. An award of reasonable attorneys' fees and the costs of this action and,

d. injunctive relief as against the state defendants,

e.   such other and further relief as to this court is just and proper.


Dated: December 17, 2004
       New York, New York

                              Respectfully Submitted,

                              The Law Office of Sheri Hatton, PLLC

                              By: _____
                              Sheri M. Hatton (SH 2990)
                              Attorneys for Plaintiff Stanley Henderson
                              305 Broadway, Suite 1204
                              New York, New York  10007
                              (212) 766-6200
                              (212) 766-6202