```
                                              ┌─────────────────────────────┐
                                              │ USDC SDNY                   │
                                              │ DOCUMENT                    │
                                              │ ELECTRONICALLY FILED        │
                                              │ DOC #:                      │
                                              │ DATE FILED:                 │
                                              └─────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————————x

STANLEY HENDERSON,

      Plaintiff,

    -against-                                        05 Civ. 213 (CM)(LMS)

STATE OF NEW YORK, et al.,

      Defendants.

————————————————————————————————x


## ORDER

McMahon, J.:

     On March 15, 2006, this Court issued a decision granting defendant's motion for summary judgment dismissing the complaint. Plaintiff, who had prosecuted this action through counsel, made no response to the motion.

     On March 20, 2006, the Court received a hand delivered letter from the plaintiff. Mr. Henderson advised that he had learned (from someone other than his lawyer, though he does not say from whom) that his case had been dismissed. Mr. Henderson revealed that he has been unable to contact his attorney for six months. He claimed that counsel never advised him of the pendency of a motion for summary judgment and that he had no idea such a motion had been filed, let alone that no response was made thereto. He seeks relief from the decision of March 15 and an opportunity to put his evidence before the court.

     Obviously, we have two different issues here. One is that the plaintiff has filed what is, in effect, a timely motion for reconsideration. The second is that I am confronted with an apparent case of attorney misconduct.

     I will deal with the latter issue first. Ms. Hatton is directed to show cause in writing, no later than this Friday, March 24, why the court should not order her removal as counsel in this case and refer her to the Grievance Committee of this Court for possible discipline. Since Mr. Henderson's letter is copied only to me and to Magistrate Judge Smith, I am sending Ms. Hatton a copy, and am also sending a copy to the Attorney General.

     As for the former: I do not intend to withdraw my opinion at this juncture, especially as a number of plaintiff's claims were dismissed only purely legal grounds (failure to exhaust

Copies mailed / ~~handed~~ / faxed to counsel 3 / 21 / 06

administrative remedies; failure to bring claims prior to the expiration of the statute of limitations). But in view of the serious allegation of attorney misconduct brought by Mr. Henderson, I am directing the Clerk of the Court to reopen the file and vacate the judgment that was entered in favor of defendants. After I have heard from Ms. Hatton, I will decide whether to give plaintiff sixty days to find new counsel and permit some response to be filed to the motion. Plaintiff should understand that I will require a response to the motion within 90 days if I decide to reopen the record, whether or not he retains new counsel.

Dated: March 21, 2006

_____
U.S.D.J.

BY FAX TO:

      Sherri Hatton, Esq. (w/attachment)
      Kevin McCaffrey, AAG (w/attachment)

BY FIRSRT CLASS MAIL TO:

      Stanley Henderson, plaintiff