USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

STANLEY HENDERSON,

        Plaintiff,

-against-                                    05 Civ. 213 (CM)(LMS)

STATE OF NEW YORK, et al.,

        Defendants.

---------------------------------------------------------------x

## ORDER

McMahon, J.:

      On March 15, 2006, this Court issued a decision granting defendant's motion for summary judgment dismissing the complaint. Plaintiff, who had prosecuted this action through counsel, made no response to the motion.

      On March 20, 2006, the Court received a hand delivered letter from the plaintiff. Mr. Henderson advised that he had learned (from someone other than his lawyer, Sherri Hatton, though he does not say from whom) that his case had been dismissed. Mr. Henderson revealed that he has been unable to contact his attorney for six months. He claimed that counsel never advised him of the pendency of a motion for summary judgment and that he had no idea such a motion had been filed, let alone that no response was made thereto. He sought relief from the decision of March 15 and an opportunity to put his evidence before the court.

      On March 21, 2006, the Court issued an order directing Ms. Hatton to show cause in writing, no later than this Friday, March 24, why the court should not order her removal as counsel in this case and refer her to the Grievance Committee of this Court for possible discipline. As part of the same order, the Court directed the Clerk of the Court to reopen the file and vacate the judgment that was entered in favor of defendants. Ms. Hatton never responded to the Court's order.

      On March 29, 2006, the Court issued a three-prong order (1) removing Ms. Hatton as attorney of record, (2) referring her to the Grievance Committee and (3) directing plaintiff to obtain new counsel within 60 days or prosecute the matter *pro se*.

      On June 16, 2006, the Court received a letter from Thomas M. Gambino, Esq., stating that his firm had been retained by plaintiff to submit a response to defendant's summary judgment motion. Mr. Gambino asked for additional time to file a response to the motion

Copies mailed / handed / faxed to counsel 7 / 13 / 06

because he was unable to get plaintiff's file from his former attorney. Mr. Gambino stated that his repeated efforts to contact Ms. Hatton and obtain the file (including a personal visit to Ms. Hatton's office) had been unsuccessful. "To date, I have not received any communication whatsoever from Ms. Hatton. She did, however, send a bill to my client after I visited her office requesting $2,500.00 for the cost of depositions." (Gambino letter 6/16/06).

On June 19, 2006, the Court issued an order directing Ms. Hatton "to turn the entire file relating to the above-captioned matter over to this Court no later than this Friday, June 23, at 12 noon." The order advised Ms. Hatton that failure to comply with the Court's order will result in her being cited for civil contempt. The order was faxed to the Hatton law firm on June 20, 2006, at 2:45p.m., and hand delivered by the United States Marshal's Service on June 21, 2006, at 11:55a.m.

June 23 came and went with no file being turned over and no response from Ms. Hatton. My clerk's numerous attempts to contact Ms. Hatton by telephone (before and after June 23) have all been unsuccessful. My clerk informs me that when he calls the Hatton Law Office he is told by a receptionist to hold on and then, after a substantial pause, the receptionist returns with an excuse why Ms. Hatton cannot answer the call: "she must have stepped out," "she is in a deposition," etc. Although my clerk left numerous messages with Ms. Hatton's office to have her call the court immediately, and was assured by a representative from her office that she would do so, Ms. Hatton has never contacted chambers. The only conclusion is that Ms. Hatton is purposely avoiding this Court.

Accordingly, Sheri Hatton is directed to appear before this Court, located at 300 Quarropas Street, White Plains, New York, on July 20, 2006, at 9:30a.m, to show cause why this Court should not hold her in contempt for failing to obey the Court's June 19, 2006 order. Ms. Hatton is advised that she has the right to be represented by counsel in connection with the contempt proceeding. Ms. Hatton is further directed to bring the entire "Henderson file" with her to the July 20 hearing. Should Ms. Hatton fail to appear on July 20 as scheduled, the Court will have no option but to direct the United States Marshal's Service to arrest her.

This constitutes the order of the Court.

July 13, 2006

_____
U.S.D.J.

BY FAX TO:

    Sherri Hatton, Esq.
    Thomas M. Gambino, Esq.
    Kevin McCaffrey, AAG

ADDITIONALLY BY UNITED STATES MARSHAL'S SERVICE TO:

    Sherri Hatton, Esq.

BY FIRST CLASS MAIL TO:

    Stanley Henderson, plaintiff